IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

PETER TERENCE RUSS,
   Plaintiff,

vs.            Case No.: 5:12cv308/MW/EMT

FEDERAL BUREAU OF
INVESTIGATIONS,
   Defendants.

## REPORT AND RECOMMENDATION

   This cause filed pursuant to 28 U.S.C. § 1331 or § 1346 or 42 U.S.C. § 1983 is presently before the court on the pro se Plaintiff's amended complaint (doc. 18). The $350.00 filing fee has been paid.

### Background

   Plaintiff Peter Terence Russ sues the Federal Bureau of Investigation ("FBI"), and three individuals—Tonia Williams, Tamice Williams, and Charleston Williams—who are identified by Plaintiff as FBI employees or contractors (doc. 18 at 2). In the statement of facts Plaintiff requests that the FBI release his file and close their "malicious and invaladated [sic] investigation" (*id.* at 3). Plaintiff asserts that he has cooperated with the Bay County Sheriff's Office, Parker Police Department, and other local and federal agencies, and therefore the FBI has no reason to continue to hold his file or continue their investigation (*id.*). He reiterates that he wants the FBI to clear his name and release his file, and he claims to have followed a recommendation of the United States Department of Justice ("DOJ") to file suit in federal court (*id.*). There are no allegations against any of the individual Williams Defendants, and no facts explaining the nature of the alleged FBI investigation. In Plaintiff's statement of claims he again repeats that he wants the FBI to release his

file, clear his name, and stop their malicious investigation (*id.* at 4). Finally, in his request for relief, Plaintiff states:

> I request my FBI file from the FBI. They stated they had no file or confirmed or denied one exisisted [sic]. I sent for Freedom of Information Appeal to U.S. Jusitice [sic] Department [sic] which also could not get file release [sic]. US DOJ stated I could file a FOIA Appeal in US Distric [sic] to try to get my file released. Thus I request my FBI file name to be cleared.

(*id.* at 4).

At least three cases filed by Plaintiff in this court have been dismissed as frivolous. *See* Russ v. Unknown Federal Agency, Case No. 5:10cv289/RS/EMT (doc. 20, January 5, 2011); Russ v. Unknown Federal Agency, Case No. 5:11cv3/RS/GRJ (doc. 10, May 19, 2011); and Russ v. Federal Bureau of Investigation, et al., Case No. 5:12cv21/RS/GRJ (doc. 6, February 16, 2012).

In the latter case, Plaintiff alleged he had been subjected to ongoing harassment by the FBI, that the FBI used his family to cause domestic violence and used his wife and children to talk to him abusively and cause confusion in the family; he also alleged that due to false information provided by others he had been hospitalized at the Emerald Coast Behavioral Hospital on six occasions (*see* Russ v. FBI, Case No. 5:12cv21/RS/GRJ, doc. 6 at 2). Plaintiff further alleged he had requested his FBI file but was not sent any relevant information, that he had filed a FOIA (Freedom of Information Act) appeal but could not get information because of an ongoing investigation, and that he had been denied his due process rights (*id.*, doc. 1 at 5–7). There are multiple attachments to the complaint documenting Plaintiff's efforts in this regard (*id.*, doc. 1 at 8–29). One of the attachments reveals that when the DOJ denied Plaintiff's FOIA appeal, it provided him with information about how to file a lawsuit in federal district court (*id.*, doc. 1 at 8–9, 27–28).[1] After review of Plaintiff's complaint, the magistrate judge recommended that it be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(1), finding no cognizable federal claim (*id.*, doc. 6). Plaintiff filed objections to the recommendation (*id.*, doc. 7), and thereafter the recommendation was adopted by the district court

---

[1] There are two otherwise identical letters appended to the complaint. One bears a date stamp of "Jan 11 2012" (Case No. 5:12cv21/RS/GRJ, doc. 1 at 27), while the other is undated (*id.*, doc. 1 at 8–9). Plaintiff signed the complaint on February 1, 2012 (*id.*, doc. 1 at 7).

and the case was dismissed (*id*., doc. 8). Plaintiff's appeal was dismissed for want of prosecution in July of 2012 (*id*., doc. 21). Plaintiff initiated the instant action in September of 2012.

Jurisdictional Analysis

A federal court is obliged to dismiss a case whenever it appears the court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3); Bochese v. Town of Ponce Inlet, 405 F.3d 964, 975 (11th Cir. 2005); University of South Alabama v. American Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999) (once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue); Lovern v. Edwards, 190 F.3d 648, 654 (4th Cir. 1999). A court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings, and in fact, a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking. Bochese, 405 F.3d at 975 (quoting University of South Alabama, 168 F.3d at 410); Miccosukee Tribe of Indians of Florida v. Kraus-Anderson Const. Co., 607 F.3d 1268, 1273 (11th Cir. 2010)

In the instant case, Plaintiff seeks release by the FBI of a file that may or may not exist, the clearing of his name, and the end to an allegedly ongoing and malicious investigation of which there is no evidence (doc. 18 at 3). He does not specifically cite any constitutional or statutory provisions that provide the basis for his claims, although he references the FOIA, as he did in his preceding case.

Pursuant to 28 U.S.C. § 1331, district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." Miccosukee Tribe of Indians of Florida, 607 F.3d at 1273 (citing 28 U.S.C. § 1331). However, the mere assertion of a federal claim or citation to a federal statute is not sufficient to obtain jurisdiction under 28 U.S.C. § 1331. "Federal jurisdiction requires that a party assert a *substantial* federal claim." Davis v. Pak, 856 F.2d 648, 650 (4th Cir. 1988) (*citing* Hagans v. Lavine, 415 U.S. 528, 536 (1976)) (emphasis added); *see also* Baker v. Carr, 369 U.S. 186 (1962) (if jurisdiction is based on a federal question, the plaintiff must show he has alleged a claim under federal law and that the claim is not frivolous). In Hagans, the Supreme Court noted: "Over the years this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit, wholly insubstantial, obviously frivolous, plainly

insubstantial, or no longer open to discussion.'" 415 U.S. at 536–37 (citations omitted); <u>McGinnis v. Ingram Equip., Co.</u>, 918 F.2d 1491, 1494 (11th Cir. 1990) (the test of federal jurisdiction is whether "the cause of action alleged is so patently without merit as to justify . . . the court's dismissal for want of jurisdiction") (citations omitted); <u>Peterson v. Ramirez</u>, 428 F. App'x 908, 909 (11th Cir. 2011) (unpublished) (citing <u>McGinnis</u>).  While emphasizing that this insubstantiality threshold is a difficult one to meet, the Supreme Court concluded that the substantiality doctrine "remains the federal rule and needs no reexamination." <u>Hagans</u>, 415 U.S. at 538.  A complaint is frivolous "where it lacks an arguable basis either in law or in fact." <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989).  Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," *id.*, 490 U.S. at 327, or when the claims rely on factual allegations that are "clearly baseless." <u>Denton v. Hernandez</u>, 504 U.S. 25, 31 (1992).

In this case, as noted above, the allegations of Plaintiff's complaint are substantially similar, albeit significantly less detailed, than those raised in a previous case that was dismissed as frivolous by a judge in this district court.  The fact that Plaintiff has paid the filing fee in this case does not alter the fact that the same finding of frivolity, and hence lack of jurisdiction, is warranted here.[2]

Accordingly, it is respectfully **RECOMMENDED**:

That this cause be **DISMISSED** for lack of jurisdiction due to Plaintiff's failure to raise a non-frivolous federal claim.

At Pensacola, Florida, this <u>18</u>[th] day of March 2013.

        <u>/s/ *Elizabeth M. Timothy*</u>
        **ELIZABETH M. TIMOTHY**
        **UNITED STATES MAGISTRATE JUDGE**

---

[2] Furthermore, the court notes that the doctrine of res judicata bars Plaintiff's relitigation of this matter.  Res judicata "bars the filing of claims which were raised or could have been raised in an earlier proceeding." <u>Maldonado v. U.S. Atty Gen.</u>, 664 F.3d 1369, 1375 (11th Cir. 2011) (quoting <u>Ragsdale v. Rubbermaid, Inc</u>., 193 F.3d 1235, 1238 (11th Cir. 1999)).  For res judicata to bar a subsequent case, all four of the following elements must be present: "(1) there is a final judgment on the merits; (2) the decision was rendered by a court of competent jurisdiction; (3) the parties, or those in privity with them, are identical in both suits; and (4) the same cause of action is involved in both cases." *Id*.  Each of these elements is present here.

## NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**